IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-00153-WYD-MEH

CORNELIA FRENCH,

    Plaintiff,

v.

BURLINGTON COAT FACTORY,

    Defendant.

## ORDER

    THIS MATTER is before the Court on Plaintiff's motion filed February 10, 2012, that alleges noncompliance with a settlement agreement by Defendant Burlington Coat Factory ["Burlington"].  Burlington filed a response to the motion on February 24, 2012.  No reply has been filed.

    By way of background, Plaintiff initiated this action on January 21, 2011, under Title VII of the Civil Rights Act and the Americans with Disabilities Act.  In early July 2011, the parties were able to resolve the issues in the Complaint.  A Settlement Agreement, Release and Waiver ("Settlement Agreement) was executed by Plaintiff on July 8, 2011.  On July 18, 2011, the parties made arrangements for Plaintiff to pick up her settlement checks from defense counsel's office.  (Resp., Ex. 3.)

    On July 25, 2011, a Joint Motion to Dismiss was filed.  Prior to its filing, Plaintiff emailed defense counsel indicating the motion was satisfactory and asking counsel to

file it.  (*Id.*, Ex. 5.)  The Court dismissed the case with prejudice by Order of July 26, 2011.

Six months later, on January 24, 2012, Plaintiff emailed undersigned counsel indicating, for the first time, that she had not received the neutral letter of reference that Burlington had agreed to provide, and that Burlington had not changed her termination code.  (Resp., Ex. 6.)  I note that the Settlement Agreement did not actually contain a date by which Burlington was required to provide the letter of reference and confirm Plaintiff's termination code had been changed.  The same day Plaintiff contacted defense counsel, she confirmed with Burlington that, due to an inadvertent administrative oversight, Plaintiff's letter of reference had not been sent to her.  Defense counsel responded to Plaintiff that the letter would be sent to her directly from the Company the next day, and that Plaintiff would receive confirmation that her termination code had been changed.  (*Id.*, Ex. 7.)

On January 25, 2012, less than 24 hours after Plaintiff initially contacted defense counsel to notify her of the oversight, Burlington sent an email to Plaintiff containing: 1) a neutral letter of reference; 2) confirmation that her termination code had been changed; and 3) detailed instructions for any prospective employers to verify Plaintiff's employment beyond the neutral letter of reference.  (Resp., Ex. 8.)  Nevertheless, Plaintiff filed the present motion on February 16, 2012.

Plaintiff's motion notes that the Settlement Agreement required Defendant to send her a letter of reference and change her status from termination to resignation, and that Plaintiff found out while searching for employment that Defendant had not

changed her status per the agreement. The motion states that Defendant's oversight has caused Plaintiff "countless number of job opportunities" (Mot. at 2, ¶ 4), as well as "great mental and financial detriment". (*Id.* ¶ 6.) Plaintiff seeks restitution for medical treatment, job training, and lost wages.

I find that Plaintiff's motion should be denied as the Court lacks jurisdiction to entertain the motion. A plaintiff asserting breach of a settlement agreement has two options: file suit for breach of the agreement or file suit for de novo review of the underlying claims. *Alcivar v. Wynne*, 268 F. App'x 749, 755 (10th Cir. 2008). Enforcement of a settlement agreement in federal court requires its own basis for federal jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381 (1994).

Plaintiff has not filed suit for breach of the Settlement Agreement, nor has she established an independent basis for federal jurisdiction. This case was dismissed with prejudice, and the parties did not contract for this Court to retain jurisdiction over the settlement agreement as a term in the agreement itself. *Kokkonen*, 511 U.S. at 381-82. "Absent such action, . . .enforcement of the settlement agreement is for state courts . . . ." *Id.* at 382; *see also Cattlco, LLC v. United AG Export Corp.*, No. 07-cv-02066-BNB-KLM, 2009 U.S. Dist. LEXIS 35216, at *7 (D. Colo. April 10, 2009). Further, it appears that there is no breach of the settlement agreement at this time as Burlington has fully complied with all of its terms.

Based upon the foregoing, it is

ORDERED that Plaintiff's Motion filed February 10, 2012 (ECF No. 27) is **DENIED**.

Dated: September 26, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge